EDWARD H. KUBO, JR.  2499
United States Attorney

FLORENCE T. NAKUKUNI  2286
Assistant U.S. Attorney

MICHAEL K. KAWAHARA  1460
Assistant U.S. Attorney
Room 6-100, Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Mike.Kawahara@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 1 4 2005

at __ o'clock and __ min. __ M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO.  CR05 00153 HG |
| | ) | |
| Plaintiff, | ) | INDICTMENT |
| | ) | [21 U.S.C. 841(a)(1), 853 |
| vs. | ) | 18 U.S.C. 1956(a), 982(a)(1)] |
| | ) | |
| GORDON LEE COX, II, | ) | |
| | ) | |
| Defendant. | ) | |

**SEALED BY ORDER OF THE COURT**

INDICTMENT

Count 1:

The Grand Jury charges that:

At diverse times during the period in or about 2002 up through and including on or about February 25, 2005 in the District of Hawaii, defendant GORDON LEE COX, II, knowingly and intentionally distributed and possessed with intent to distribute five-hundred (500) grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance,



In violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(A).

Count 2:

The Grand Jury further charges that:

Sometime during the period in or about 2002 up through and including on or about February 25, 2005 in the District of Hawaii, defendant GORDON LEE COX, II, knowing that property involved in a financial transaction affecting interstate commerce represented the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involved the proceeds of specified unlawful activity-- that is, Cox purchased a 2001 Chevy Two-Door Camaro automobile bearing Hawaii License Plate Number MHB-019, and Vehicle Identification Number 2G1FP22G012129859 with approximately $16,000.00 in coin or currency of the United States, such coin and currency in fact being derived from the felonious sale of controlled substances by Cox-- well knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under Federal law,

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii).

Count 3:

The Grand Jury further charges that:

Sometime during the period in or about 2002 up through and including on or about February 25, 2005 in the District of Hawaii, defendant GORDON LEE COX, II, knowing that property involved in a financial transaction affecting interstate commerce represented the proceeds of some form of unlawful activity, conducted a financial transaction which in fact involved the proceeds of specified unlawful activity-- that is, Cox purchased a 1998 Two-Door Ford Mustang automobile bearing Hawaii License Plate Number JZF-020 and Vehicle Identification Number 1FAFP42X6WF134448 with approximately $9,000.00 in coin or currency of the United States, such coin and currency in fact being derived from the felonious sale of controlled substances by Cox-- well knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature and source of the proceeds of specified unlawful activity, and to avoid a transaction reporting requirement under Federal law,

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(a)(1)(B)(ii).

Count 4:

The United States Attorney further charges that:

A. **CRIMINAL FORFEITURE PURSUANT TO 21 U.S.C. 853**: Upon

conviction of the controlled substance offense alleged in Count 1 of this Indictment, defendant GORDON LEE COX, II, shall forfeit to the United States pursuant to 21 U.S.C. 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, including but not limited to the following:

1. CURRENCY:

   -Approximately $1,023,313.00 in U.S. currency, which is presently in the possession of the United States;

2. CONVEYANCES:

   -One (1) 2001 Chevy Two-Door Camaro Automobile Bearing Hawaii License Plate Number MHB-019, and Vehicle Identification Number 2G1FP22G012129859;

   -One (1) 1998 Ford Two-Door Mustang Automobile Bearing Hawaii License Plate Number JZF-020 and Vehicle Identification Number 1FAFP42X6WF134448;

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above,

All in accordance with Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.

B. **CRIMINAL FORFEITURE PURSUANT TO 18 U.S.C. 982(a)(1)**:

Pursuant to Title 18, United States Code, Section 982(a)(1), defendant GORDON LEE COX, II, upon conviction of the offenses set forth in Counts 2 and 3 of this Indictment, shall forfeit to the United States the following property:

1. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and (3) all property used in any manner or part to commit or to facilitate

the commission of those violations.

    2. A sum of money equal to the total amount of money involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted.

Pursuant to Title 21, United States Code, Section 835(p), as incorporated by Title 18, United States Code, Section 982(b), defendant shall forfeit substitute property, up to the value of the amount described above, or any portion thereof, if any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) Cannot be located upon the exercise of due diligence;

    (b) Has been transferred or sold to, or deposited with, a third party;

    (c) Has been placed beyond the jurisdiction of the court;

    (d) Has been substantially diminished in value; or

    (e) Has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above,

All in accordance with Title 18, United States Code, Section

982(a)(1), Rule 32.2(a), Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461.

DATED: Honolulu, Hawaii, April 14, 2005.

/S/
_____
GRAND JURY FOREPERSON


EDWARD H. KUBO, JR.
United States Attorney

By _____
FLORENCE T. NAKAKUNI
   Assistant U.S. Attorney

_____
MICHAEL K. KAWAHARA
Assistant U.S. Attorney


USA v. Cox, USDC-Hawaii, Indictment.