IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   vs.<br><br>GORDON LEE COX, II,<br><br>        Defendant.<br>_____ | CRIM NO.  05-00153 HG |

**ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE PURSUANT TO F.R.CR.P 35(b)**

On August 12, 2005, Defendant Gordon Lee Cox, II ("Defendant") pled guilty to distribution and possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and(b)(1)(A) (Count 1).  He also pled guilty to two counts of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(a)(1(B)(ii) (Counts 2 and 3).

On April 18, 2005, the Government filed a Special Information giving notice of its intent to seek enhanced penalties pursuant to 21 U.S.C. § 851.  The Defendant faced a mandatory life sentence based on prior felony drug convictions

1

pursuant to 21 U.S.C. § 841(b)(viii).[1]

On June 13, 2006, the Government filed a Motion for Downward Departure under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 based on the Defendant's substantial assistance to authorities. The Government indicated in the Motion for Downward Departure that Rule 35(b) relief would be a possibility if the Defendant provided post-sentence assistance to the Government.

At the sentencing hearing on July 7, 2006, the Court granted the Government's Motion for Downward Departure. Defendant was sentenced to 240 months confinement as to each Counts 1, 2, and 3, to be served concurrently. He was also sentenced to a term of 10 years of supervised release on Count 1 and 3 years as to each Counts 2 and 3, all terms to run concurrently. Defendant was ordered to pay a special assessment of $300.00.

On October 3, 2006, the Government filed a Motion for Reduction of Defendant's Sentence for Substantial Assistance Pursuant to F.R.CR.P. 35(b) (Doc. 39, "Rule 35(b) Motion").

On October 6, 2006, the Defendant filed a Memorandum in Support of Government's Motion for Reduction of Sentence for Substantial Assistance Pursuant to F.R.C[R].P. 35(b) (Doc. 41, "Reply").

---

[1] 21 U.S.C. § 841(b)(viii) provides that "[i]f any person commits a violation of this [section] . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment."

The Rule 35(b) Motion requests a reduction of Defendant's sentence for the substantial assistance that the Defendant provided to the Government.  The Government recommended a reduction of the Defendant's sentence on Counts 1, 2 and 3 from 240 months to 180 months.  In Reply, the Defendant details his assistance and asks the Court to consider his extensive cooperation, timely plea, the positive outcomes in other cases, and the risks he has faced.  Defendant requests a larger reduction in his sentence to a range of 120-150 months.

After reviewing the information provided by the Government and the Defendant, the Court GRANTS the Government's motion to reduce the sentence.  Defendant's sentence is reduced by 60 months to a term of 180 months, as to each of Counts 1, 2 and 3, to be served concurrently.

## **STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 35(b)(1) provides:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if:
>
> (A) the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person; and
>
> (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

A Rule 35 motion is essentially a plea for leniency and is addressed to the sound discretion of the district court. <u>United States v. Smith</u>, 964 F.2d 885, 887 (9th Cir. 1992).

## ANALYSIS

The Court finds that the Defendant substantially assisted the Government in the investigation and prosecution of criminal activity. Defendant is entitled to a reduction of his sentence pursuant to Rule 35(b)(1). Defendant has already benefitted from a sentence reduction for his pre-sentence assistance. He initially faced a mandatory life sentence, but at sentencing he received an appreciably lower sentence due to the Government's Motion for a Downward Departure. The Government's Rule 35(b) Motion asks for a further reduction.

A sentence reduction to 180 months reflects the Defendant's post-sentence assistance. A reduction of his sentence below 180 months, however, is not warranted due to the seriousness of the Defendant's current and past offenses, as reflected by the mandatory life sentence that he initially faced. Defendant's extensive criminal history, including substantial involvement in drug trafficking and money laundering, and his history of substance abuse demands a greater sentence than he requests. A sentence reduction of 60 months from 240 months to 180 months confinement as to Counts 1, 2, and 3, to be served concurrently, is reasonable in light of the factors to be considered by the Court in fashioning a reasonable sentence pursuant to 18 U.S.C. § 3553.

**CONCLUSION**

In accordance with the foregoing, the Court GRANTS the Government's motion for reduction of sentence for substantial assistance and reduces the Defendant's sentence of 240 months to 180 months confinement as to Counts 1, 2, and 3, to be served concurrently.  All the other aspects of the sentence remain unchanged.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 19, 2006.



　　　　　　　　　　　　　　　　　 /s/ Helen Gillmor
　　　　　　　　　　　　　　　　Chief United States District Judge

_____
United States v. Gordon Lee Cox, II, Crim. No. 05-00153 HG; ORDER GRANTING GOVERNMENT'S MOTION FOR REDUCTION OF SENTENCE FOR SUBSTANTIAL ASSISTANCE PURSUANT TO F.R.CR.P 35(b)